UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JESSE DANIELS,**

    **Plaintiff,**

v.                                               **Case No: 5:20-cv-97-Oc-30PRL**

**ERIC SMITH, STATE OF FLORIDA DEPARTMENT OF EDUCATION, BAMBI LOCKMAN, MARGARET SMITH, VOLUSIA COUNTY SCHOOL BOARD, WILLIAM MEAD, TRACIA CULVER, WILLIAM FINK, PATRICIA GIBSON, LAURA HAYNES, KATHRYN KISTLER-HARRIS, JENNIFER TYSER and FNU NORMAN,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, filed a cursory complaint seeking to appeal an administrative decision from 2009 under the Individuals with Disabilities Education Act (IDEA) 20 U.S.C. § 1400 et seq. (Doc. 1). Plaintiff has moved to proceed *in forma pauperis* and to appoint counsel. (Doc. 3). By prior order, the Court conducted a frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted Plaintiff until April 22, 2020 to file an amended complaint. (Doc. 6). Plaintiff has failed to file an amended complaint, and the time for doing so has expired.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

For the following reasons, Plaintiff's motion to proceed *in forma pauperis* and to appoint counsel (Doc. 3) should be denied and the complaint (Doc. 1) should be dismissed.

In 2009, Plaintiff's parents brought essentially the same action against the same Defendants. *Card v. Smith et al.*, Case No. 6:09-cv-932 (M.D. Fla. June 3, 2009). The Court adopted the magistrate judge's recommendation that the case be dismissed because the plaintiffs failed to allege the basis of the Court's jurisdiction, set forth a short and plain statement for each claim, set for each claim in a separate count, allege the material elements for each claim in the corresponding count, and set for a clear statement of the relief sought for each claim. (*See id.* at Doc. 15). The Court did, however, grant the plaintiffs' motion to appoint counsel and allow plaintiffs to file an amended complaint that addresses the insufficiencies identified in the magistrate judge's report and recommendation. *Id.*

Ultimately, the plaintiffs' potential counsel notified the court that he would not be representing the plaintiffs in the action. (Doc. 17). The Court subsequently denied plaintiffs' renewed motion to appoint counsel and "advised" the plaintiffs that they could refile the complaint once they obtained a lawyer or, as the Court noted, "the minor JD may bring a pro se claim on his own behalf at such time as he reaches majority." (Doc. 19).

Plaintiff, who according to him reached the age of majority two years ago, has now filed this action and asks the Court to appoint a lawyer because, as he says, he "carries a diagnosis of Autism Spectrum Disorder (ASD) and is not able to represent himself in this matter." (Doc. 3).

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief

may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

Here, Plaintiff's complaint is deficient. As an initial matter, Plaintiff's Complaint does not contain short plain statements of the claims as required by Rule 8, Fed. R. Civ. P. Under Fed. R. Civ. P. 8(a)(2) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). Additionally, Plaintiff's complaint does not "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Instead, Plaintiff's complaint merely says he is appealing a previous administrative decision under the IDEA. (Doc. 1). He then simply attached the complaint his parents had initially filed in 2009, which alleged violations of the Rehabilitation Act, Americans with Disabilities Act, and U.S. Constitution. (Doc. 1). That complaint, as already noted, was dismissed ten years ago for being deficient. *See Card v. Smith et al.*, Case No. 6:09-cv-932 (M.D. Fla. Feb. 7, 2010).

The IDEA is intended "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." *Ortega v. Bibb Cty. Sch. Dist.,* 397 F.3d 1321, 1324 (11th Cir. 2005) (quoting 20 U.S.C. § 1400(d)(1)(A)). Under the IDEA, schools evaluate each child with a disability and develop an IEP, which sets forth educational and developmental goals for the child. *Id.* (citing 20 U.S.C. § 1414). The IDEA also allows for parents and children to file a complaint with the school district and attend a due process hearing if they are not satisfied with the child's IEP. *Id.* at 1325. A party may only file a civil action in federal court after the state

educational agency has made a final decision. *Card v. Citrus Cty. Sch. Bd.*, No. 5:15-CV-5-OC-30PRL, 2015 WL 628587, at *2 (M.D. Fla. Feb. 12, 2015).

Here, despite the deficiencies in Plaintiff's complaint (namely, failing to set for his claims and simply attaching an already dismissed complaint) the Court can glean that Plaintiff appears to be complaining about something that occurred 10 years ago. So, in addition to the pleading deficiencies, it appears on its face that Plaintiff is complaining about something that is time-barred.

Specifically, the Eleventh Circuit has found that IDEA appeals are subject to the statute of limitations in the relevant state's administrative procedure act (here, Florida) because the purpose and function of the IDEA warrants a prompt resolution of educational disputes. *Cory D. ex rel. Diane D. v. Burke Cty. Sch. Dist.*, 285 F.3d 1294, 1301 (11th Cir. 2002) (applying Georgia's 30-day limitation on an IDEA appeal). Florida's administrative procedure act provides for a 30-day limitation for administrative appeals. Fla. Stat. § 120.68. Therefore, Plaintiff's efforts to challenge the hearing and decision from an administrative proceeding that occurred in 2009 is untimely.

Moreover, unlike criminal defendants, a civil litigant has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, the appointment of counsel for a civil litigant is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. *Id*. Plaintiff's claim is barred by the statute of limitations and an appointment of counsel is not warranted.

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* and to appoint counsel (Doc. 3) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

Recommended in Ocala, Florida on April 27, 2020.

- 5 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy